**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4777**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DEMORIUS LAMAR ANDERSON,

              Defendant - Appellant.

───────────

**No. 13-4916**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

GARY MOUNTCASTLE, a/k/a Gary Montcastle, a/k/a Gary Riddick,

              Defendant - Appellant.

───────────

Appeals from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., District Judge.  (3:11-cr-00003-RJC-DSC-17; 3:11-cr-00003-
RJC-DSC-13)

───────────

Submitted:  December 22, 2014       Decided:  January 16, 2015

───────────

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

———————————

Scott H. Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina; D. Baker McIntyre, III, Charlotte, North Carolina, for Appellants.  Anne M. Tompkins, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, we consider several assignments of error. Gary Mountcastle was tried by a jury and convicted of conspiracy to distribute and to possess with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2012). The jury convicted Demorius Lamar Anderson of conspiracy to distribute and to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; conspiracy to commit and attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012); and a firearm offense, in violation of 18 U.S.C. § 924(c) (2012). Following trial, Mountcastle was sentenced to ninety months in prison, and Anderson was sentenced to 451 months in prison.

On appeal, Anderson alleges that the trial court improperly responded to a jury question during its deliberations. Mountcastle challenges the district court's denial of his motions for acquittal pursuant to Fed. R. Crim. P. 29. Mountcastle also contests the district court's findings at sentencing that he was responsible for more than 500 grams of cocaine and that his sentence was subject to an enhancement based on obstruction of justice. We address these arguments in turn. For the reasons that follow, we affirm the appellants' convictions and sentences.

We review a district court's response to a jury's question for an abuse of discretion. United States v. Burgess, 684 F.3d 445, 453 (4th Cir. 2012). "[T]he trial court must take care, in responding to a jury question, not to encroach upon its fact-finding power." United States v. Cooper, 482 F.3d 658, 664 (4th Cir. 2007). "In responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." United States v. Foster, 507 F.3d 233, 244 (4th Cir. 2007) (alteration and internal quotation marks omitted). "An error requires reversal only if it is prejudicial in the context of the record as a whole." Id. Here, we conclude that the district court's response did not encroach on the province of the jury, nor was the court's response prejudicial to Anderson in the context of the record as a whole.

We review de novo the denial of a Rule 29 motion for a judgment of acquittal. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). A defendant challenging the sufficiency of the evidence faces "a heavy burden." United States v. McLean, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). The jury verdict must be sustained if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction."

<u>Jaensch</u>, 665 F.3d at 93 (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." <u>Id.</u> (alteration and internal quotation marks omitted). Furthermore, "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." <u>McLean</u>, 715 F.3d at 137 (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." <u>United States v. Ashley</u>, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

To convict Mountcastle of conspiracy to distribute and to possess with intent to distribute cocaine, the Government had to prove the following essential elements: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." <u>United States v. Green</u>, 599 F.3d 360, 367 (4th Cir. 2010). Having reviewed the record, we conclude that Mountcastle's conspiracy conviction was supported by sufficient evidence.

Mountcastle next challenges the calculation of his sentence. First, Mountcastle contends that the district court

5

erred in calculating the relevant drug quantity, maintaining that the court was constrained for sentencing purposes by the jury's finding that he was responsible for less than 500 grams of cocaine. This Court has squarely held that "beyond establishing the maximum sentence, the jury's drug-quantity determination place[s] no constraint on the district court's authority to find facts relevant to sentencing." United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010). Mountcastle acknowledges that his claim is foreclosed by circuit precedent and notes that he seeks to preserve the issue for possible en banc or Supreme Court review. Bound by Young, we discern no error with the district court's drug quantity calculation.

Finally, Mountcastle challenges the district court's application of a sentencing enhancement for obstruction of justice. The Guidelines provide for a two-level enhancement when "the defendant willfully obstructed or impeded . . . the administration of justice with respect to the . . . prosecution . . . of the instant offense." U.S. Sentencing Guidelines Manual § 3C1.1 (2012). Examples of covered conduct include committing perjury. Id. cmt. n.4(B).

The adjustment for perjury is not applicable merely because the defendant testified and subsequently was convicted. See United States v. Dunnigan, 507 U.S. 87, 95 (1993). Rather, the sentencing court must find that the defendant gave false

6

testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 94; see United States v. Smith, 62 F.3d 641, 646-48 (4th Cir. 1995).

"In assessing whether a sentencing court properly applied the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). Here, the district court found that Mountcastle's testimony was untruthful when he asserted that he was merely a drug user and not a drug dealer. The district court found each element of perjury and, therefore, we conclude that the enhancement was not erroneous.

Finding the alleged errors to lack merit, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

7